UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Michael Biddle,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>Santander Consumer USA,<br><br>　　　　　　　Defendants. | Civil Action No.: _____<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Michael Biddle, by undersigned counsel, states as follows:

## JURISDICTION

1.  This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.  The Plaintiff, Michael Biddle ("Plaintiff"), is an adult individual residing in Vienna, Virginia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Santander Consumer USA ("Santander"), is a Texas business entity with an address of 8585 North Stemmons Freeway, Suite 1100 N, Dallas, Texas 75247, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.  The Debt**

6. The Plaintiff incurred a financial obligation (the "Debt") to Ford Motor Credit (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Santander for collection, or Santander was employed by the Creditor to collect the Debt.

9. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.  Santander Engages in Harassment and Abusive Tactics**

10. The Defendants repeatedly called the Plaintiff's cellular phone line in an attempt to collect the Debt with the intent to annoy and harass.

11. The Defendants failed to identify themselves despite the Plaintiff's requests to do so.

12. The Defendants called the Plaintiff on a Saturday in an attempt to collect the debt.

13. The Defendants repeatedly called the Plaintiff's his friends and family and disclosed that Plaintiff owed debt.

14. The Defendants offered rewards to the Plaintiff's friends and family in exchange for the Plaintiff's contact information and where they could locate the vehicle subject to the debt.

15. The Defendants threatened to file a lawsuit against the Plaintiff if he did not pay the Debt. No such lawsuit has been filed to date.

16. The Defendants placed automated telephone calls with pre-recorded voice messages to the Plaintiff's cellular phone in an attempt to collect the debt.

17. The Defendants failed to inform the Plaintiff of his rights under the state and federal laws by written correspondence within five (5) days after the initial communication, including the right to dispute the Debt.

18. The Defendants were rude and abusive when speaking to the Plaintiff, on one occasion calling him a "motherfucker."

**C.   Plaintiff Suffered Actual Damages**

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

24.     The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

25.     The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

26.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

27.     The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

28.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

29.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

30.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

31. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

32. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

33. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

34. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

35. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

36. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

37. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

38. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

39. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

42. The Defendants are each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

43. The Defendants threatened to take action prohibited by law, in violation of Tex. Fin. Code Ann. § 392.301(a)(8).

44. The Defendants used abusive and profane language when speaking with the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(1).

45. The Defendants called the Plaintiff and failed to identify the name of the debt collection agency or the individual debt collector, with the intent to annoy and harass, in violation of Tex. Fin. Code Ann. § 392.302(2).

46. The Defendants caused a telephone to ring repeatedly, with the intent to annoy or abuse the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

47. The Defendants failed to clearly disclose the name of the debt collector or debt collection agency when making a demand for money from the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.304(4).

48. The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

49.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50.     Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

51.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

52.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

53.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

55.     Texas further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Texas state law.

56.     The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with automated telephone calls and calls on weekends; and by disclosing to the Plaintiff's family and friends that the Plaintiff owed debt.

57.     The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial

7

burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

58.	The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

59.	As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

60.	All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

61.	The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

62.	The acts, practices and conduct engaged in by the Defendants *vis-à-vis* the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

63.	The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Texas.

64.	All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);

7. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

8. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

9. Punitive damages; and

10. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 15, 2010

        Respectfully submitted,
        By: __/s/ Diana P. Larson_____
        Diana P. Larson
        Texas Bar No. 24007799
        The Larson Law Office, PLLC
        14785 Preston Road, Suite 550
        Dallas, Texas  75154
        Telephone:  (877) 775-3666 x.108
        Facsimile:  (877) 795-3666
        Email:  diana@thelarsonlawoffice.com

        Of Counsel To:
        LEMBERG & ASSOCIATES L.L.C.
        A Connecticut Law Firm
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (877) 795-3666
        ATTORNEYS FOR PLAINTIFF