# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL BIDDLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:10-cv-2093-M |
| | § | |
| SANTANDER CONSUMER USA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction [Docket Entry 5]. For the reasons stated below, the Motion is **DENIED** in part and **CARRIED** in part.

## I.     BACKGROUND

On October 15, 2010, Plaintiff Michael Biddle filed this suit against Defendant Santander Consumer USA, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227, and the Texas Debt Collection Act (the "TDCA"), Tex. Fin. Code §§ 392.001–392.404; as well as common law claims for invasion of privacy and intentional infliction of emotional distress.

Biddle's claims are based on allegations concerning Santander's attempts to collect a debt. According to Biddle's Complaint, Biddle took out a car loan from Ford Motor Credit, and this loan was "purchased, assigned or transferred to Santander for collection, or Santander was employed by [Ford Motor Credit] to collect the [d]ebt." (Compl. ¶ 8.) Biddle alleges that Santander's agents attempted to collect the debt, and in so doing (a) repeatedly called Biddle's

1

cell phone, sometimes using automated calls with pre-recorded messages; (b) failed to identify themselves despite Biddle's requests that they do so; (c) called Biddle on Saturday; (d) repeatedly called Biddle's friends and family, disclosing to them that he owed the debt; (e) offered rewards to his friends and family in exchange for Biddle's contact information or information about the location of the car subject to the debt; (f) threatened a lawsuit against Biddle if he did not pay the debt; (g) failed to inform Biddle of his rights under state and federal law by written correspondence within five days after the initial communication; and (h) were rude and abusive when speaking with Biddle, using profanity on at least one occasion. (Compl. ¶¶ 10–18.)

In addition to those factual allegations, Biddle claims that Santander "is a 'debt collector' as the term is defined by 15 U.S.C. § 1692a(6)"; that the loan "meets the definition of 'debt' under 15 U.S.C. § 1692a(5)"; and that Santander "engaged in 'communications' as defined in 15 U.S.C. § 1692a(2)." (Compl. ¶¶ 5–7, 9.)

On January 3, 2011, Santander filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction, and attached to it an affidavit and a document that Santander claims is the loan agreement underlying Biddle's claim. In its Motion, Santander argues that it does not meet the FDCPA's definition of debt collector because its predecessor in interest, Drive Financial, was assigned the loan immediately upon its execution, before any payments were due. Thus, Santander argues, it (a) meets the FDCPA's definition of "creditor," or (b) was assigned the loan before it was in default, either of which would take Santander out of the definition of debt collector. *See* 15 U.S.C. § 1692a(6)(A), (F)(iii). Santander then urges that the Court lacks subject matter jurisdiction over this case because "the FDCPA does not apply because Santander is not a debt collector," and "the Court lacks supplemental jurisdiction to entertain Biddle's

[other claims]." (Def.'s Mot. 5.)

Biddle did not respond to Santander's Motion within the time prescribed in Local Rule 7.1(e), so on January 27, 2011, the Court entered an Order prohibiting Biddle from responding.

II.     ANALYSIS

Santander's sole argument for dismissal is that the court lacks subject matter jurisdiction over this case because Santander is not a debt collector under the FDCPA. "'[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.'" *Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 357 (5th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006)). The term "debt collector" is defined in 15 U.S.C. § 1962a(6), the "Definitions" section of the FDCPA. The "Definitions" section does not state any jurisdictional requirements; therefore, a defendant's status as a "debt collector" is not a jurisdictional limitation on the Court. *See Arbaugh*, 546 U.S. at 514–15 (holding that Title VII's employee-numerosity requirement, which is contained in the "Definitions" section of that statute, was not jurisdictional, but instead an element of a plaintiff's claim for relief). Santander's debt collector argument, then, does not raise a question about the Court's subject matter jurisdiction, but is instead an attack on the merits of Biddle's FDCPA cause of action, combined with a request that the Court decline supplemental jurisdiction over the remaining claims if the FDCPA claim is dismissed.

"When a motion is incorrectly styled as a challenge to subject matter jurisdiction, but is in fact an attack on the merits of the claim, the proper course of action is to analyze the motion under Rule 12(b)(6) or Rule 56." *Herrera v. NBS, Inc.*, ___ F. Supp. 2d ___, 2010 WL 5514371, at *4 (W.D. Tex. 2010) (Martinez, J.) (citing *Mortez v. Dep't of the Navy*, 392 F.3d 147, 150 (5th Cir. 2004); *Arbaugh*, 546 U.S. at 514). Santander's Motion is properly construed as one for

summary judgment under Rule 56 because it does not attack the Complaint's allegations—in fact, it hardly mentions them—but instead seeks to affirmatively show, through evidence, that it is not a debt collector under the FDCPA. Thus, the Court reads Santander's Motion to argue that there is no genuine dispute of material fact as to Santander's status as a debt collector and, therefore, that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

Generally, when a summary judgment movant produces evidence showing the absence of a genuine dispute of material fact, the burden shifts to the nonmovant to produce evidence demonstrating the existence of a genuine dispute, or show that the evidence cited by the movant does not establish such a dispute. Fed. R. Civ. P. 56(c)(1). When the nonmovant fails to meet this burden, the Court may (a) give the nonmovant an opportunity to do so, (b) consider the movant's assertions of fact undisputed for purposes of the motion, (c) grant summary judgment if the motion and supporting evidence show that the movant is entitled to it, or (d) issue any other appropriate order. Fed. R. Civ. P. 56(e).

Here, Biddle did not respond to Santander's Motion and, therefore, has not met his burden of demonstrating a genuine dispute as to Santander's status as a debt collector. Nevertheless, in light of the fact that Santander's Motion was mislabeled as one challenging subject matter jurisdiction, and despite the Court's earlier Order prohibiting Biddle from responding, the Court will provide Biddle with an opportunity to address Santander's argument, now that it has been placed in the proper procedural context. Therefore, the Court hereby gives notice to Biddle that it construes Santander's Motion as one for summary judgment. On or before **May 20, 2011**, Biddle may file a response addressing whether a genuine dispute of material fact exists regarding Santander's status as a debt collector. If Biddle fails to respond, the Court will promptly rule on Santander's Motion, and will consider Santander's assertions of

fact as undisputed in doing so.

### III. CONCLUSION

To the extent that Santander Motion argues that the debt collector requirement of the FDCPA is jurisdictional, the Motion is **DENIED**. To the extent that the Motion seeks to affirmatively prove as a matter of law that Santander is not a debt collector, the Motion is properly considered as one for summary judgment, which the Court **CARRIES** to allow Biddle time to respond.

**SO ORDERED**.

April 29, 2011.

*[signature]*
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**