UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| MICHAEL BIDDLE, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:10-cv-2093-M |
| | § | |
| SANTANDER CONSUMER USA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **GRANTS** summary judgment for Defendant on Plaintiff's FDCPA claim and **DISMISSES** the remainder of Plaintiff's claims on jurisdictional grounds.

I. BACKGROUND

On October 15, 2010, Plaintiff Michael Biddle filed this suit against Defendant Santander Consumer USA, alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and the Texas Debt Collection Act (TDCA), Tex. Fin. Code §§ 392.001–392.404, as well as common law claims for invasion of privacy and intentional infliction of emotional distress.

Biddle's claims are based on Santander's attempts to collect a debt. According to the Complaint, Biddle took out a car loan from Ford Motor Credit, and this loan was "purchased, assigned or transferred to Santander for collection, or Santander was employed by [Ford Motor Credit] to collect the [d]ebt." (Compl. ¶ 8, ECF No. 1.) Biddle alleges that Santander's agents attempted to collect the debt, and in so doing (a) repeatedly called Biddle's cell phone,

sometimes using automated calls with pre-recorded messages; (b) failed to identify themselves despite Biddle's requests that they do so; (c) called Biddle on Saturday; (d) repeatedly called Biddle's friends and family, stating to them that he owed the debt; (e) offered rewards to his friends and family in exchange for Biddle's contact information or information about the location of the car subject to the debt; (f) threatened a lawsuit against Biddle if he did not pay the debt; (g) failed to inform Biddle of his rights under state and federal law by written correspondence within five days after the initial communication; and (h) were rude and abusive when speaking with Biddle, using profanity on at least one occasion. (Compl. ¶¶ 10–18.)

In addition to those factual allegations, Biddle claims that Santander "is a 'debt collector' as the term is defined by 15 U.S.C. § 1692a(6)"; that the loan "meets the definition of 'debt' under 15 U.S.C. § 1692a(5)"; and that Santander "engaged in 'communications' as defined in 15 U.S.C. § 1692a(2)." (Compl. ¶¶ 5–7, 9.)

On January 3, 2011, Santander filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, and attached to it an affidavit and a document that Santander claims is the loan agreement underlying Biddle's claim. (Mot. Dismiss, ECF No. 5.) Santander argued that it is not a debt collector under the FDCPA because its predecessor in interest, Drive Financial, was assigned the loan immediately upon execution, before any payments were due. Thus, Santander argued, it (a) meets the FDCPA's definition of "creditor," or (b) was assigned the loan before it was in default, either of which would take Santander out of the definition of debt collector. *See* 15 U.S.C. § 1692a(6)(A), (F)(iii). Santander then urged that the Court lacks subject matter jurisdiction over this case because "the FDCPA does not apply because Santander is not a debt collector," and "the Court lacks supplemental jurisdiction to entertain Biddle's [other claims]." (Def.'s Mot. 5.)

Biddle did not respond to Santander's Motion within the time prescribed in Local Rule 7.1(e), so on January 27, 2011, the Court entered an Order prohibiting Biddle from responding. (Order, ECF No. 6.) On April 29, 2011, the Court denied in part and carried in part Santander's Motion to Dismiss. (*See* Mem. Op. & Order, ECF No. 8.) The Court determined that the FDCPA's debt collector element was not a jurisdictional requirement and, therefore, held that Santander's Motion was really a motion for summary judgment, although styled as a challenge to subject matter jurisdiction. Since Biddle had not responded to Santander's Motion, he had not met his burden of demonstrating a genuine dispute of material fact as to Santander's status as a debt collector. Nevertheless, in light of the fact that Santander's Motion was mislabeled as one challenging subject matter jurisdiction, and despite the Court's earlier Order prohibiting Biddle from responding, the Court provided Biddle with an opportunity to address Santander's argument, since it had been placed in the proper procedural context.

The Court thus gave notice to Biddle that it construed Santander's Motion as one for summary judgment and gave Biddle until May 20, 2011, to respond and to address whether a genuine dispute of material fact exists regarding Santander's status as a debt collector. The Court stated that if Biddle failed to respond it would promptly rule on Santander's Motion, and would consider Santander's assertions of fact as undisputed in doing so. Biddle did not respond to the Court's Order.

## II. ANALYSIS

A. FDCPA—Debt Collector

Generally, when a summary judgment movant produces evidence showing the absence of a genuine dispute of material fact, the burden shifts to the nonmovant to produce evidence demonstrating the existence of a genuine dispute, or show that the evidence cited by the movant

does not establish the absence of such a dispute. Fed. R. Civ. P. 56(c)(1). When the nonmovant fails to meet this burden, the Court may (a) give the nonmovant an opportunity to do so, (b) consider the movant's assertions of fact undisputed for purposes of the motion, (c) grant summary judgment if the motion and supporting evidence show that the movant is entitled to it, or (d) issue any other appropriate order. Fed. R. Civ. P. 56(e).

Attached to Santander's Motion is the declaration of Mark Smith, Vice President—Strategic Operations at Santander. Smith avers that Santander's predecessor in interest, Drive Financial, acquired Biddle's retail installment loan before any payments were due and, thus, before the loan was in default. (Smith Decl. 1, Def.'s Mot. Dismiss Ex. A, at 1, ECF No. 5-1.) The loan contract, which was also attached to Santander's Motion, shows that the loan was assigned to Drive Financial on February 27, 2008, and that the first payment was due on March 28, 2008. (Def.'s Mot. Dismiss Ex. A, at 3–4.)

The FDCPA makes it unlawful for debt collectors to use abusive tactics while collecting debts for others. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). The FDCPA excludes from the definition of debt collector "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6). The evidence attached to Santander's Motion shows that Santander is not a debt collector under the FDCPA because Santander obtained Biddle's loan contract before the first payment was due and, therefore, before it was in default. Biddle has failed to satisfy his burden to demonstrate a genuine dispute of material fact as to Santander's debt collector status. Therefore, the Court **GRANTS** summary judgment for Santander on the FDCPA claim, and that claim is hereby **DISMISSED** with prejudice.

B.      Biddle's Remaining Claims

In addition to his FDCPA claim, Biddle has alleged violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and the Texas Debt Collection Act (TDCA), Tex. Fin. Code §§ 392.001–392.404, as well as common law claims for invasion of privacy and intentional infliction of emotional distress.  Santander argues that the TCPA, though a federal statute, "explicitly provides that private rights of action be brought in state courts as opposed to federal courts," and that, therefore, Biddle's TCPA claim should be dismissed for lack of subject matter jurisdiction.  (Def.'s Mot. Dismiss 5.)  Additionally, Santander argues that the Court lacks supplemental jurisdiction over Biddle's remaining state law claims.

1.      TCPA Jurisdiction

The TCPA expressly creates a private right of action for damages and injunctive relief by a person who suffers a violation of the statute:

> Private right of action.  A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-
>
> > (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violations,
> >
> > (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C) both such actions.

47 U.S.C. § 227(b)(3).  In *Chair King, Inc. v. Houston Cellular Corp.*, the Fifth Circuit examined the text, purpose, and history of the TCPA, and concluded that "Congress intended the state courts to have exclusive jurisdiction over private actions filed under the TCPA."  131 F.3d 507, 514 (5th Cir. 1997).  Thus, the court vacated the district court's dismissal on the merits of the plaintiff's claims and held that the district court never had jurisdiction over them.  *Id.*

B.      Biddle's Remaining Claims

In addition to his FDCPA claim, Biddle has alleged violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and the Texas Debt Collection Act (TDCA), Tex. Fin. Code §§ 392.001–392.404, as well as common law claims for invasion of privacy and intentional infliction of emotional distress.  Santander argues that the TCPA, though a federal statute, "explicitly provides that private rights of action be brought in state courts as opposed to federal courts," and that, therefore, Biddle's TCPA claim should be dismissed for lack of subject matter jurisdiction.  (Def.'s Mot. Dismiss 5.)  Additionally, Santander argues that the Court lacks supplemental jurisdiction over Biddle's remaining state law claims.

1.      TCPA Jurisdiction

The TCPA expressly creates a private right of action for damages and injunctive relief by a person who suffers a violation of the statute:

> Private right of action.  A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-
>
> > (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violations,
> >
> > (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C) both such actions.

47 U.S.C. § 227(b)(3).  In *Chair King, Inc. v. Houston Cellular Corp.*, the Fifth Circuit examined the text, purpose, and history of the TCPA, and concluded that "Congress intended the state courts to have exclusive jurisdiction over private actions filed under the TCPA."  131 F.3d 507, 514 (5th Cir. 1997).  Thus, the court vacated the district court's dismissal on the merits of the plaintiff's claims and held that the district court never had jurisdiction over them.  *Id.*

Since *Chair King* was decided, however, several courts, including some within the Fifth Circuit, have drawn a distinction between TCPA claims that are originally filed in federal court and premised on federal question jurisdiction, like those in *Chair King*, and TCPA claims premised on diversity jurisdiction or removed from state court. *See U.S. Fax Law Ctr. v. iHire, Inc.*, 476 F.3d 1112, 1118 (10th Cir. 2007); *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 338 (2d Cir. 2006); *Brill Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005); *Accounting Outsourcing, LLC v. Verizon Wireless Pers. Commc'ns*, 294 F. Supp. 2d 834, 837–38 (M.D. La. 2003); *Cunningham v. Advanta Corp.*, No. 3:08-cv-1794-K, 2009 WL 290031, at *2 (N.D. Tex. Feb. 3, 2009). The Court need not examine these cases, however, because Biddle's Complaint is premised solely on federal question and supplemental jurisdiction. (Compl. ¶ 1 ("The action arises out of the Defendants' repeated violations of the [FDCPA], and the invasions of the Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt."); ¶ 2 ("Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.")). Since the Court lacks subject matter jurisdiction over Biddle's TCPA claim, and that claim is **DISMISSED** without prejudice to being asserted in state court.

Biddle's remaining state law claims are also subject to dismissal. "When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999). The Court has dismissed Biddle's only federal claim—his FDCPA claim—and therefore **DISMISSES** Biddle's remaining state law claims. However, this dismissal is without prejudice to Biddle refiling his claims in state court, if he chooses. *Id.* ("[T]he dismissal of the pendent claims should expressly be *without prejudice* so that the plaintiff may refile his claims in the appropriate state court.").

### III. CONCLUSION

Biddle has failed to demonstrate the existence of a genuine dispute of material fact regarding his FDCPA claim, so that claim is **DISMISSED** with prejudice. The Court lacks subject matter jurisdiction over Biddle's TCPA claim, and declines to exercise supplemental jurisdiction over his state law claims. Therefore, those claims are **DISMISSED** without prejudice.

**SO ORDERED**.

June 9, 2011.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS